**Garth GUY, Plaintiff,**

v.

**George E. LAYMAN, Sr. and George E. Layman, Jr., individually and d/b/a Forest Acres Partnership, Defendants.**

**Civil Action No. 95–533.**

United States District Court,
E.D. Kentucky.

June 7, 1996.

Laurence J. Zielke, Lawrence L. Pedley, Pedley, Zielke & Gordinier, Louisville, KY, for Garth Guy.

Stephen M. O'Brien, III, Lexington, KY, John S. Moore, Velikanje, Moore & Shore, Yakima, WA, for George E. Layman, Sr., Individually d.b.a. Forest Acres Partnership.

Benjamin L. Kessinger, Jr., Stites & Harbison, Lexington, KY, Michael J. Bettinger, David A. DeGroot, Pillsbury, Madison & Sutro, San Francisco, CA, for George E. Layman, Jr., Individually d.b.a. Forest Acres Partnership.

## OPINION AND ORDER

FORESTER, District Judge.

## I.  INTRODUCTION

This matter is before the Court on the motion of Defendant George E. Layman, Sr. to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b).  This matter having been fully briefed, it is ripe for review.

## II.  DEFENDANT'S MOTION TO DISMISS

Essentially, Defendant George E. Layman, Sr. ("Layman, Sr.") argues that he lacks sufficient contacts with Kentucky for this Court to exercise personal jurisdiction over him.  In support of his motion, Layman, Sr. asserts that he does not now nor has he ever owned property in Kentucky, that he has never transacted business in Kentucky, and that he has only visited Kentucky twice, both times to see the Kentucky Derby.  Layman, Sr. admits that in 1974 he became one of four partners in Defendant Forest Acres Partnership ("Forest Acres"), a Washington partnership, and that this partnership purchased shares of Spendthrift Farms, a farm located in Kentucky, in 1983.  However, Layman, Sr. contends that he was not personally involved in any negotiations, that he did not have any contact with anyone at Spendthrift Farms, and that he does not recall signing a subscription agreement.  Layman, Sr. also admits that in 1986 Forest Acres and twelve other investors filed suit against Plaintiff Garth Guy and others in the District Court for the Northern District of California alleging misrepresentations in connection with the stock offering.  However, Layman, Sr. asserts that the following year he withdrew as a partner of Forest Acres and assigned his rights in the lawsuit to the remaining partners.

In response, Plaintiff argues that the issue does not concern Layman, Sr.'s personal contacts with Kentucky.  Instead, Plaintiff contends that Defendant Forest Acres purposefully availed itself of the privilege of acting in Kentucky when it entered the Subscription Agreement and bought shares of Spendthrift Farms, as a result of which Forest Acres obtained a seat on the Spendthrift Farms board of directors through which Defendant George Layman, Jr. actively participated in the management of Spendthrift Farms.  Plaintiff argues that his claims arise from breach of the contract that establishes Forest Acres' contacts with Kentucky, thus giving this Court personal jurisdiction over Forest Acres Partnership.  Therefore, because under partnership law each partner is jointly and severally liable for everything chargeable to the partnership as a result of the acts

of any of the partners, Plaintiff argues that Layman, Sr. is personally liable for the acts of the partnership. Consequently, Plaintiff contends that jurisdiction over Forest Acres is sufficient to establish jurisdiction over Layman, Sr. and the other individual partners.

## III. ANALYSIS

Plaintiff has not disputed Layman, Sr.'s lack of personal contacts with Kentucky. Rather, Plaintiff relies on this Court's jurisdiction over Forest Acres to establish personal jurisdiction over Layman, Sr. In support of this argument, Plaintiff relies on *Felicia Ltd. v. Gulf American Barge Ltd.*, 555 F.Supp. 801, 806 (N.D.Ill.1983), which determined that because "[G]eneral partners as well as partnership employees or agents are agents for all other general partners," jurisdiction over a partnership establishes jurisdiction over the individual partners. Plaintiff also relies on a similar decision in *First Interstate Bank of Oregon v. Tex–Ark Farms Ltd.*, 71 Or.App. 427, 692 P.2d 678 (1984). The Defendant argues that these cases reflect the mistaken belief that general partners are agents for other general partners. Application of this mistaken reasoning leads to the exercise of personal jurisdiction over a defendant without first establishing jurisdiction over each defendant individually.

In opposing Plaintiff's argument that jurisdiction over a partnership is sufficient to establish jurisdiction over the individual partners, the Defendant directs the Court to *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), which involved a legal malpractice lawsuit brought by a California resident in a federal district court in California against a Florida law firm and its partners stemming from the representation of the California client in a Florida criminal matter. The California client had sought out representation by the Florida firm in Florida. In connection with the representation, the firm and partners engaged in telephone communications with the client, received checks drawn on California banks, and one partner traveled to California to meet with the client on multiple occasions. In addition, as part of the retainer agreement, the client executed a deed of trust and promissory note in favor of the law firm encumbering the client's California residence, although this deed was not recorded.

In reviewing the case, the Ninth Circuit concluded that the telephone calls, visits, and payments alone did not establish jurisdiction over the partnership. However, the deed of trust, in conjunction with the other contacts, was enough to establish jurisdiction over the partnership. The Ninth Circuit then considered whether jurisdiction over the partnership was sufficient to establish jurisdiction over the individual partners. The court rejected the argument that because the liability of the partnership would establish the liability of the individual partners that jurisdiction over the partnership also established jurisdiction over the partners, stating as follows:

Liability and jurisdiction are independent. Liability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum. Regardless of their joint liability, jurisdiction over each defendant must be established individually.

This is the rule of *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980) ... The partners ... have potential liability, but they are independent for jurisdictional purposes.

\* \* \* \* \* \*

The Shers may have been misled into thinking that the contacts of the partnership may be imputed to the partners because the reverse is true: The contacts of the partners may establish jurisdiction over the partnership. This is so because each partner acts as an agent of the partnership when carrying on the business of the partnership in the usual way. However, while each partner is generally an agent of the *partnership* for the purpose of its business, he is not ordinarily an agent of his *partners*. Thus, a partner's actions may be imputed to the partnership for the purpose of establishing minimum contacts, but ordinarily may not be imputed to the

other partners. In this case, the district court has jurisdiction over only those individual partners who personally established the requisite minimum contacts with California.

*Id.* at 1365–66 (citations omitted). The court went on to hold that there was personal jurisdiction over the partnership but not over any of the individual partners.

█ In *Rush v. Savchuk, supra,* the Supreme Court stated that "[T]he requirements of *International Shoe* [*v. State of Wash.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] ... must be met as to each defendant over whom a state court exercises jurisdiction." 444 U.S. at 332, 100 S.Ct. at 579. The Plaintiff's position would have the Court exercise jurisdiction over Defendant Layman, Sr. based on his membership in the Forest Acres partnership despite his lack of personal contacts with Kentucky, a position which ignores the dictates of *Rush.* Thus, it appears to the Court that the Ninth Circuit's analysis provides the better guidance in this case, since it takes into consideration the individual Defendant's personal contacts with the forum state. Therefore, while there may be sufficient contacts to exercise personal jurisdiction over both Forest Acres and Defendant Layman, Jr., the Court agrees with the Ninth Circuit that liability and jurisdiction are independent. While the partners have potential liability, they are independent for jurisdictional purposes. In this case, the Plaintiff has offered nothing to show that Defendant Layman, Sr. has sufficient minimum contacts with Kentucky to allow the Court to exercise personal jurisdiction over him, and the possible contacts of the co-Defendants cannot be imputed to Layman, Sr. to establish the requisite minimum contacts necessary to exercise personal jurisdiction over him.

Accordingly, **IT IS HEREBY ORDERED** that the motion of Defendant George E. Layman, Sr. to dismiss for lack of personal jurisdiction [DE # 2] is **GRANTED** and the Plaintiff's Complaint against Defendant George Layman, Sr. is **DISMISSED** for lack of personal jurisdiction.

The motion of the Plaintiff for hearing on Defendant George E. Layman, Sr.'s motion to dismiss [DE # 6] is **DENIED AS MOOT.**